WENTWORTH, Judge.
Appellant seeks review of a dissolution order by which the “care, custody and parental responsibility” for the parties’ minor child was placed with appellee’s parents. We find that the court did not exceed its jurisdiction in rendering the order appealed. However, we further find that the order indicates an incomplete consideration of the custody standard announced in Pape v. Pape, 444 So.2d 1058 (Fla. 1st DCA 1984). We therefore reverse the order appealed and remand the cause for entry of a new order upon the court’s consideration of the Pape standard.
In placing custody of the minor child with appellee’s parents the court indicated that “the issue of the welfare of the child” was tried, and that “the best interests of the child” require that sole parental responsibility be with appellee’s parents. But while the best interests of the child would generally be the governing criteria in a custody dispute between two natural parents, Pape establishes that a stricter standard must be applied when custody and parental responsibility for a minor child is placed with a non-parent over the objection of a natural parent. See also In Re the Guardianship of D.A.McW., 460 So.2d 368 (Fla.1984). Pape explicitly provides that such a custody decree is appropriate only upon a determination that the natural parent is “unfit or unqualified to have custody or that the welfare of the child requires denial of the claim on that basis.... ”
In the present case the trial court did not reference either Pape or D.A.McW., and the court’s order does not indicate a full consideration of the relevant criteria. We therefore conclude that the order must be reversed and the cause remanded for reconsideration in light of the standard announced in Pape. By this action we express no opinion as to the propriety of placing custody and parental responsibility with appellee’s parents upon a consideration of the totality of the circumstances in light of Pape.
Accordingly, the order appealed is reversed and the cause remanded for further proceedings.
ERVIN and ZEHMER, JJ., concur.